## SCHOFIELD *et al. v.* DUNLOP *et al.*

### (*Circuit Court, E. D. Pennsylvania.* May 9, 1890.)

**1. PATENTS FOR INVENTIONS—NOTICE—INFRINGEMENT.**

Rev. St. U. S. § 4900, provides that the public shall be notified that an article is patented by a notice attached to it, and that in absence thereof damages cannot be recovered for infringement "except on proof that the defendant was notified of the infringement, and continued after such notice" to infringe. *Held* that, in the absence of proof to the contrary, it would be inferred that the notice was attached to the patented article. Following *Rubber Co. v. Goodyear,* 9 Wall. 788.

**2. SAME—BURDEN OF PROOF.**

It is only when defendant has proved that the notice was not attached to the patented article that it is incumbent on complainant to prove that actual notice was given to defendant.

**3. SAME—PRESUMPTION.**

Act Cong. Feb. 4, 1887, (St. U. S. 1886-87, c. 105,) relating to design patents, provides for the recovery of certain damages against persons who shall "apply the design secured by such letters patents, or any colorable imitation thereof." *Held* that, though the act applies only to persons infringing with actual knowledge of the patent, yet, where the design has been copied, it will be presumed that it was with knowledge of the patent, in the absence of proof that a notice was not attached to the patented article.

In Equity.
*Hector T. Fenton,* for complainants.
*Jos. C. Fraley,* for defendants.

BUTLER, J. The suit is for infringing letters patent No. 18,996,— "Design for Rugs." The patent, we think, is valid. This question is not free from doubt; but there is nothing in the proofs sufficient to repel the usual presumption in its favor. The infringement is reasonably clear. The dominant and characterizing features of the plaintiffs' and defendants' rugs are substantially identical. The plaintiffs are therefore entitled to an injunction. Are they entitled to damages, also? This is the only serious question presented. Section 4900 of the Revised Statutes provides:

"It shall be the duty of all patentees, and their assigns and legal representatives, and of all persons making or vending any patented article for or under them, to give sufficient notice to the public that the same is patented; either by fixing thereon the word 'patented,' together with the day and year the patent was granted; or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is inclosed, a label containing the like notice; and in any suit for infringement, by the party failing so to mark, no damages shall be recovered by the plaintiff, except on proof that the defendant was duly notified of the infringement, and continued, after such notice, to make, use, or vend the article so patented."

The plaintiffs are within the section; they manufacture the rug. While the evidence respecting this is meager, it is nevertheless sufficient. There is no proof that the word "patented" was affixed, nor that notice was given as required by the section. The word is found on the rug exhibited; but as this came from the plaintiffs' hands, without explanation of the time when, or circumstances under which, it was stamped, the fact is unimportant. The bill avers notice, in apparent conformity with the alternative provision of the section; and without explanation this might possibly be taken as an admission of neglect to mark, especially in the absence of contrary evidence. The notice is only required in case of such neglect, and can be of no advantage under other circumstances. With the explanation before us, however, the averment cannot be accorded this effect. It would be improper to refer it to the statute. An examination shows that similar averments of notice, or knowledge, are found generally in injunction bills—no matter what the wrong complained of. Its office, doubtless, is to show aggravation, and enhance the claim to protection.

While the averment is denied, the proofs are silent respecting it. If the issue is unimportant its introduction must be treated as surplusage. If it is regarded as raising the question whether the plaintiffs performed the duty of marking, on whom is the burden of proof? The form of the issue is immaterial. If the plaintiffs are entitled to a *presumption* of performance, their averment will not, of course, shift the burden to them. If it is on the defendants, their answer is sufficient to raise the question, and admit the proof.

Marking the goods, or notifying the infringer, is a prerequisite to the claim of damages. The object of the section is reasonably plain. To mulct an infringer, who is ignorant of the patent, and without reasonable means of information, in damages is unjust. They frequently exceed the profits realized from infringement, and operate as punishment. While knowledge might be inferred, (and in the absence of this statute would be,) from the patent-office record, the implication would be weak; and when applied to such a case would be unjust. In most instances infringers would be ignorant of the patent. Congress therefore imposed on patentees the duty of marking their manufactures, in the manner stated, and made compliance a condition of the right to recover damages, —"except on proof that the defendant was notified of the infringement, and continued after such notice." Marking, or notice, is therefore the foundation of the right to damages. The one or the other must, consequently, be established, to justify recovery. If marking is omitted, and notice relied upon, the burden is on the plaintiff. The section, as we have seen, so places it, in express terms. As marking is a condition of the right to recover damages, it must, as before observed, be established, —either by proof, or inference. It is a little difficult to understand why it should be inferred. It is not like questions of novelty, invention, and others involving the patent, which are held to be matters of defense. They are so held because of presumptions arising from the patent, or because of statutory provision. It is true that statutes of limitation must

be pleaded, generally, and that they bear some analogy to this section. The ruling, however, which required this was arbitrary, applying at first to certain cases only, and was then rested on the ground that the debt is still due in conscience, and should be considered so in law, unless the statute is interposed. All such legislation was formerly unpopular, and begrudgingly administered, even by the courts. In the absence of contrary authority we would, therefore, feel inclined to hold the plaintiffs to proof. There is authority, however, which cannot be disregarded. *Rubber Co.* v. *Goodyear*, 9 Wall. 788, we think, involved the question. The plaintiff neither averred nor proved compliance with the section. Before the master, his claim to damages was opposed for this reason. The court overruled the objection on the ground that "the pleadings did not raise the question," and "that compliance with the statute was therefore admitted." The court says:

"It is said that the bill contains no averment on this subject, and that the record is equally barren of proof that any such notice was ever given to the defendant, except by the service of process, upon the filing of the bill. Hence it is insisted that the master should have commenced his account at that time, instead of the earlier period of the beginning of the infringement. His refusal to do so was made the subject of an exception. The answer of the defendant is as silent upon the subject as the bill of the complainants. No such issue was made by the pleadings. It was too late for the defendant to raise the point before the master. They were concluded by their previous silence, and must be held to have waived it."

From this ruling it is plain that the court treated the question as matter of *defense*, to be presented and proved by the defendant. While this conclusion might, possibly, have been more clearly expressed, the language and ruling will not bear any other construction. If the duty of presenting the question, and furnishing proof to establish performance, was on the plaintiff, his failure to raise it and furnish the proof would not preclude the defendant's objection when made. It would have been sufficient, in such case, to point (as the defendant did) to the fact that the plaintiff had not laid the necessary foundation for his claim; it could not have been held that the defendant had waived his right to object. It is only on the hypothesis that *he* was bound to set up and prove noncompliance with the duty, that his silence on the subject could be held to estop him. This case must, therefore, be regarded as deciding that the burden of proof, in such cases, is on the defendant; that in the absence of proof performance is to be inferred. In *Goodyear* v. *Allyn*, 6 Blatchf. 33, the question was not directly involved. The application was for a preliminary injunction. The court nevertheless considered it; and while what is said is but a *dictum*, it is the expression of an eminent judge (BLATCHFORD) and is entitled to weight. He says:

"It was for the defendants to show a failure by the plaintiffs to mark, as required, the articles made or vended, and then the burden of proof would be on the plaintiffs to show that, before suit was brought, the defendants were notified that they were infringing the patent."

This language is unambiguous. Again, in *Herring* v. *Gage*, 15 Blatchf. 129, 130, Judge WALLACE says:

"It is insisted * * * for the defendants, that no damages are recoverable, because the device was not labeled or marked as patented, under section 4900 of the Revised Statutes. The statute has no application to a case like this. * * * If it had, the defendants cannot avail themselves of the defense, because they have not set it up in their answer,"

—Citing *Rubber Co.* v. *Goodyear.* This, also, is but a *dictum.* It nevertheless shows the court's understanding of the question.

The interpretation of the statute by the bar, as shown in practice, is entitled to much weight. Investigation has satisfied us that this interpretation is in conformity with the views expressed in the cases mentioned. From the enactment of the statute down, the bar has proceeded upon the hypothesis that the burden of averring and proving failure to mark is on the defendant. No case has been found in which the plaintiff was held to proof of marking in the first instance. A decree must therefore be entered in the plaintiffs' favor for damages, as well as for an injunction.

Are they entitled to the benefit of the statute of February 4, 1887, (St. U. S. 1886–87., c. 105,) relating to design patents? This statute does not apply to all infringers. One who innocently infringes—in ignorance of the patent—is not within its provisions. It contemplates a willful appropriation of the design. The words "apply the design secured by such letters patent or any colorable imitation thereof," clearly imply knowledge of the design. It could not be "applied" without such knowledge; and a different reading would render the words "or a colorable imitation thereof," unmeaning. Other language employed leads to the same conclusion. We entertain no doubt on this subject, and need not enlarge upon it.

A comparison of the plaintiffs' and defendants' rugs justifies a belief that the latter was copied from the former. While the conclusion does not necessarily follow that they had knowledge of the *patent*, we must, for the reasons before stated, infer they had, in the absence of proof to the contrary. Presuming the rug to be marked we must hold him to such knowledge, under the circumstances. A decree will be entered accordingly.

NOTE BY THE COURT. Since preparing the foregoing opinion we find the principal point discussed is considered briefly in Mr. Walker's excellent book on Patents, at section 463, and the failure to mark patented articles treated as a *defense.* I have also since seen the case of McComb v. Brodie, 1 Woods, 153, in which a different view was adopted. The question does not, however, appear to have been discussed in this case.